**JUDGE CASTEL**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

# 14 CV 3532

---------------------------------------------------------------- X

STANLEY FREDERIQUE,

      Case No.:

          Plaintiff,

    -against-

      **COMPLAINT**

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE
LEROY BEDFORD (Shield No. Unknown),
LIEUTENANT GRIFFIN JAMES (Shield No.
Unknown), DETECTIVE "JOHN" STEWART
(Full Name and Shield No. Unknown and as
more fully described in the Complaint), and
"JOHN DOE" NEW YORK CITY POLICE
OFFICERS 1-3 (Full Names and Shield No.'s
Unknown and as more fully described in the
Complaint), in their individual and official
capacities,

      **JURY TRIAL DEMANDED**



      Defendants.

---------------------------------------------------------------- X

      Plaintiff, by his attorney, THE LAW OFFICE OF DAVID DESTEFANO, PLLC, as and

for his complaint against Defendants, respectfully states and alleges, upon information and

belief, as follows:

## PRELIMINARY STATEMENT

    1. This is a civil action for money damages against THE CITY OF NEW YORK, THE

NEW YORK CITY POLICE DEPARTMENT, DETECTIVE LEROY BEDFORD (Shield No.

Unknown), LIEUTENANT GRIFFIN JAMES (Shield No. Unknown), DETECTIVE "JOHN"

STEWART (Full Name and Shield No. Unknown and as more fully described in the Complaint),

and "JOHN DOE" NEW YORK CITY POLICE OFFICERS 1-3 (Full Names and Shield No.'s

Unknown and as more fully described in the Complaint), in their individual and official

capacities as police officers of City of New York and The New York City Police Department committing acts under color of law and depriving plaintiff of rights secured under 42 U.S.C. §§1981, 1983, 1985 and 1986, grounded in rights secured by the United States Constitution and law of United States. Plaintiff further alleges that Defendants engaged in unlawful conduct including false arrest, false and unlawful imprisonment, excessive force, abuse of process, negligence, negligent hiring and supervision, and intentional infliction of emotional distress that resulted in severe and permanent physical injuries, severe and permanent emotional injuries, severe and permanent psychological injuries, and damage to name and reputation.

2. Specifically, Plaintiff alleges that the Defendants, collectively and individually, negligently, wantonly, recklessly, intentionally, and knowingly sought out to and did wrongfully deprive Plaintiff of various rights, pursuant to the above mentioned federal statutes, by committing acts under the color of law and otherwise violate Plaintiff's rights secured by the Constitution and the laws of the State of New York.

3. Plaintiff alleges that Defendants, City of New York and The New York City Police Department, were negligent in hiring, training, and supervising the officers, thus leading to the unjustified excessive force, false arrest and unlawful imprisonment, abuse of process, and intentional infliction of emotional distress of Plaintiff.

4. Defendants, Detective Bedford, Lieutenant James, Detective Stewart, and "JOHN DOE" Police Officers 1-3 (collectively referred to as, "Defendant Police Officers"), over a period of several months repeatedly and systematically harassed Plaintiff at his home in Nassau County by incessantly questioning him about an altercation Plaintiff witnessed in attempts to cause Plaintiff to change his statement or his account of the events. When it became obvious Plaintiff would not change his statement, Defendant Police Officers, with knowledge that their conduct has the

2

tacit authorization of the New York City Police Department and City of New York, without probable cause, justification or any reason except an intent to deprive Plaintiff of his rights, arrested Plaintiff on February 21, 2013 and interrogated him at the 28th Precinct instead about the altercation he witnessed. Despite Plaintiff waiving his 5th Amendment rights with respect to the arresting offense, he was not questioned about the arresting offense. One or more Defendant Police Officers told Plaintiff the arrest was certain to cause him to change his account of the altercation Plaintiff witnessed. Defendants had no legal basis for such deprivation of Plaintiff's rights and therefore, Plaintiff alleges that New York City, The New York City Police Department and Defendant Officers are liable for the claims made herein. The New York County District Attorney's Office declined to prosecute Plaintiff and released him.

5. Plaintiff further alleges the Defendants, individually and collectively, were negligent, reckless, indifferent and/or intentionally breached their duties and legal obligations with respect to their interactions with and treatment of Plaintiff described herein, which directly caused the injuries of Plaintiff. Accordingly, Plaintiff seeks actual, consequential, enhanced, exemplary and punitive damages, costs and expenses and attorney's fees.

## JURISDICTION AND VENUE

6. Jurisdiction is invoked under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343(3) and (4) and the aforementioned constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court pursuant to 28 U.S.C.A. § 1367 to hear and decide any and all claims arising under state law.

7. Plaintiff has timely complied with all conditions precedent to instituting this lawsuit.

3

8. Plaintiff presented a proper Notice of Claim to Defendants and served such Notice of Claim on April 29, 2013, within ninety (90) days from the happening of the instance giving rise to the claims made herein.

9. More than thirty (30) days have elapsed since the presentation of the Notice of Claim, and such claim remains unadjusted.

10. Venue in the Southern District of New York is proper under 28 U.S.C. § 1391(b). A substantial portion of the events giving rise to the cause of action occurred in the Southern District of New York.

## THE PARTIES

11. Plaintiff is and at all times relevant was a citizen and resident of the State of New York, having an address at 116-21 240th Street, Elmont, New York.

12. Defendant The City of New York ("The City") is and at all times relevant was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. Defendant New York City Police Department ("NYPD") is and at all times relevant was a department of The City.

14. Defendant Detective Leroy Bedford ("Det. Bedford") is and at all times relevant was an employee of The City, duly appointed and acting as a police officer in the NYPD and was an agent, servant, and/or employee of The City, acting in the scope of his employment as such and in furtherance of the interests and business of The City.

15. Defendant Detective "JOHN" Stewart ("Det. Stewart"), upon information and belief, currently retired from the NYPD and at all times relevant was an employee of The City, duly appointed and acting as a police officer in the NYPD and was an agent, servant, and/or employee

4

of The City, acting in the scope of his employment as such and in furtherance of the interests and business of The City.

16.   Defendant Lieutenant Griffin James ("Lt. James") is and at all times relevant was an employee of The City, duly appointed and acting as a police officer in the NYPD and was an agent, servant, and/or employee of The City, acting in the scope of his employment as such and in furtherance of the interests and business of The City.

17.   Defendants, "JOHN DOE" New York City Police Officers 1-3 ("John Doe Officers") are and at all times relevant were employees of The City, duly appointed and acting as police officers in the NYPD and were agents, servants, and/or employees of The City, acting in the scope of their employments as such and in furtherance of the interests and business of The City.

18.   At all times relevant, the Defendant Police Officers were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of The City and the State of New York.

## FACTUAL ALLEGATIONS

19.   Plaintiff re-alleges and incorporates Paragraphs 1-18 above as set forth in their entirety herein.

20.   At all times relevant, The City operated maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

21.   At all times relevant, the Defendant Police Officers were employees of The City and the NYPD, and The City and the NYPD are responsible for the actions and conduct of the Defendant Police Officers under the theory of Respondeat Superior.

22.   At all times relevant, Defendant Police Officers were personnel of The City and the NYPD.

23.   At all times relevant, The City employed and supervised the Defendant Police Officers.

24.   Defendant Police Officers attended and graduated the Police Academy of The City of New York, where they received training and instruction set forth and sanctioned by The City and the NYPD.  Further, while at the police academy and intermittently thereafter, Defendant Police Officers received training and instruction formulated by The City and the NYPD, and said training includes instruction as to custom and practice of The City and the NYPD.  Such custom, practice, training and instruction by their very nature violate the civil rights of the public, including the Plaintiff herein, and infringe upon the rights of the public at large, including the Plaintiff herein. The enforcement of the customs and practices did in fact violate the rights of the Plaintiff herein.

25.   At all times relevant, The City had the duty to competently and sufficiently train within the police academy and at the command, precinct and patrol levels, the Defendant Police Officers in the protections of the rights of the Plaintiff under the Constitution and the Bill of Rights.

26.   At all times relevant, Defendant Police Officers were acting in their capacities as employees, agents or servants of The City.

27.   At all times relevant, Defendant Police Officers were acting under color of law.

28.   At all times relevant, Defendants' actions are constituted state action.

29.   At all times relevant, Defendant Police Officers were on duty and/or acting as employees, agents or servants of The City.

30.   At all times relevant, Plaintiff was a lawful citizen, abiding by all laws, statutes and ordinances of the State of New York and the United States of America.

6

## Summer 2012 - Witness to Altercation

31. Plaintiff re-alleges and incorporates Paragraphs 1-30 above as forth in their entirety herein.

32. In, about or approximately summer 2012, Plaintiff witnessed a physical altercation between two men in a Manhattan public park (the "Altercation"). Plaintiff was not a participant in the altercation. When the altercation ended, Plaintiff attempted to assist an injured party and waited with him until emergency care arrived.

33. Upon information and belief, during the altercation, the injured party's cell phone fell to the ground, and Plaintiff retrieved it later that evening.

34. The injured party was known to the Plaintiff.

35. Several days later, unbeknownst to Plaintiff, the injured party died as a result of the injuries sustained in the Altercation.

## Plaintiff's Cooperation with Authorities

36. Plaintiff realleges and incorporates Paragraphs 1-35 above as set forth in their entirety herein.

37. Between approximately July 2012 and February 21, 2013, one or all Defendant Police Officers and specifically Det. Stewart went to Plaintiff's home in Nassau County on approximately and at least three (3) occasions and questioned Plaintiff about the Altercation.

38. Plaintiff fully complied with Det. Stewart and Defendant Police Officers.

39. In, about or approximately October 2012, Det. Stewart went to Plaintiff's home and questioned him for the first time.

40.   During such instance, Det. Stewart asked Plaintiff if he had the injured party's cell phone. Plaintiff affirmed being in possession of the cell phone and delivered the same to the custody of Det. Stewart. Det. Stewart then informed Plaintiff the injured man had died.

41.   Plaintiff had no prior knowledge of the death of the injured party.

42.   In or about January 2013, Plaintiff was contacted by an assistant district attorney in the homicide division of the New York County District Attorney's Office and was asked give a statement about the Altercation or testify to a grand jury.

43.   Plaintiff fully complied with the New York County District Attorney's Office.

44.   Upon information and belief, the events of the Altercation were initially being investigated as a homicide case in New York County, docket number 2013NY012381.

45.   Upon information and belief, Plaintiff's statements to the Defendant Police Officers and the New York County District Attorney's Office regarding the Altercation did not support evidence to charge a homicide case.

46.   Upon information and belief, despite the multiple statements taken by Defendant Police Officers and the New York County District Attorney's Office over several months, Plaintiff's statements remained consistent.

### February 21, 2013 Unlawful Arrest and Imprisonment

47.   Plaintiff re-alleges and incorporates Paragraphs 1-46 above as set forth in their entirety herein.

48.   On or about February 21, 2013 at approximately 5:00AM, Defendant Police Officers went to Plaintiff's home and told him he was required to come to the 28th Precinct in Manhattan to give another statement regarding the Altercation.

49.   Plaintiff complied with the Defendant Police Officers' request.

50. Defendant Police Officers then without a warrant or probable cause, placed Plaintiff under arrest, transported him to the 28th Precinct, took his personal belongings, conducted a full search of his person, and locked him in a cell for a period of approximately five (5) hours before removing him to an interrogation room. Such taking and imprisonment was unlawful.

51. Defendant Police Officers and specifically Det. Bedford, the arresting officer, initially would not tell the Plaintiff why he was under arrest. After some time, Det. Bedford told the Plaintiff he had been arrested for stealing the decedent's cell phone.

52. The subject matter arrest is identified as Arrest Number M12316445, with arresting offenses identified as grand larceny and criminal possession of stolen property.

53. Upon information and belief, Defendant Police Officers told the Plaintiff that this arrest should cause him to change his statement regarding the Altercation.

54. Det. Bedford instructed the Plaintiff to provide a written statement, and Plaintiff complied, detailing how he came to possess the cell phone and how he returned the cell phone to Det. Stewart approximately five (5) months earlier. However, after reading the statement, Det. Bedford told the Plaintiff that he needed the Plaintiff to write about the Altercation, as opposed to how Plaintiff came to possess and return the cell phone. Plaintiff complied and added an additional statement about the Altercation. The statement remained consistent with his prior statements.

55. Upon information and belief, the living participant in the Summer Altercation was never indicted for homicide.

56. Upon information and belief, subsequent to the subject matter arrest contemplated herein, the living participant in the Altercation was indicted for assault.

9

57.    Plaintiff remained unlawfully imprisoned through February 22, 2013, when he was transported to and unlawfully imprisoned at Central Booking.

58.    Plaintiff was subjected a full cavity search and further unlawful detention.

59.    On or about February 22, 2013, the District Attorney for the County of New York declined to prosecute the Plaintiff and dismissed the charges.

60.    Subsequently, Plaintiff was released.

61.    Upon information and belief, Defendants unlawfully detained and imprisoned Plaintiff for at least twenty-four (24) hours.

62.    At all times relevant, notwithstanding that the apprehension, arrest and detentions were unjust, unwarranted, without cause, with excessive force and unlawful, Plaintiff complied with Defendants' commands and did not resist.

63.    At all times relevant, Defendants, their agents, servants and/or employees, while acting in concert, maliciously and with intent to injure the Plaintiff, and without just cause or any right to do so, handcuffed, detained, jailed and restrained the Plaintiff against his will, thereby depriving him of his liberty.

64.    The arrest of the Plaintiff by the Defendants was perpetrated without a warrant or other legal process and without probable cause.

65.    Any and all force used by the Defendants including but not limited to the use of handcuffs during the unlawful arrest and detention of the Plaintiff was excessive, unnecessary and unwarranted.

66.    The arrest of the Plaintiff was false and maliciously fabricated by Defendants, their agents, servants and/or employees in violation of the Plaintiff's civil rights.

67.    Defendants knowingly arrested the Plaintiff for crimes he did not commit.

10

68. At all times relevant, Defendant Police Officers caused the unlawful arrest and detention of the Plaintiff.

69. At all times relevant, Defendants, their agents, servants and/or employees acted maliciously and intentionally.

70. At all times relevant, the arrest and detention of the Plaintiff was unlawful, unwarranted, and unjustified.

71. At all times relevant, Defendants knew or should have known the Plaintiff was innocent of the arresting offenses.

72. At all times relevant, the NYPD failed to investigate and properly discipline Defendant Police Officers for their actions against the Plaintiff.

73. By reason of the foregoing acts of the Defendants, the Plaintiff was caused severe and intense emotional anguish, distress, shame, humiliation and embarrassment and will continue to suffer the same in the future.

74. By reason of the foregoing acts of the Defendants, the Plaintiff was compelled to and did necessarily require medical attention and did necessarily pay and become liable therefore, and will necessarily continue to incur similar expenses in the future.

75. By reason of the foregoing acts of Defendants, the Plaintiff suffered injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, medical expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

11

### FIRST CAUSE OF ACTION
### Against Individual Defendants
### Violation of Civil Rights Afforded by
### 42 U.S.C. §1983 and 42 U.S.C. §1985

76.    Plaintiff re-alleges and incorporates Paragraphs 1 through 75 above as though set forth in their entirety herein.

77.    The Defendants, acting in concert and individually and under the color of law, have deprived the Plaintiff of his civil, constitutional and statutory rights and have conspired to and did deprive the Plaintiff of such rights under the 4th and 14th amendments and are liable to the Plaintiff under the 5th amendment, 8th amendment, 42 U.S.C. §1983 and 42 U.S.C. §1985.

78.    By reason of the foregoing acts of Defendants, the Plaintiff suffered injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, medical expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount believed to be equal or exceeding the jurisdictional limit of this Court, including the cost of this action, attorneys fees pursuant to 42 U.S.C. §1988 and punitive damages.

### SECOND CAUSE OF ACTION
### Municipal Liability against Defendants City of New York
### And New York City Police Department
### Violation of Civil Rights afforded by 42 U.S.C. §1983 and 42 U.S.C. §1985

79.    Plaintiff re-alleges and incorporates Paragraphs 1 through 78 above as though set forth in their entirety herein.

80.    Defendants The City and NYPD knew or should have known of the propensity of its employees, agents and/or servants to engage in the illegal and wrongful acts detailed above.

81.    Prior to the dates of occurrence as set forth herein, The City and NYPD developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights

of persons in the City of New York and as in the instance case, outside the City of New York, which polices and/or customs caused the violation of the Plaintiff's rights.

82.   Upon information and belief, it was the policy and/or custom of The City and NYPD to improperly and inadequately investigate citizen and other complaints of police misconduct, and acts of misconduct were instead tolerated by The City and NYPD, including, but not limited to the incidents where Defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers and other of its employees to make false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

83.   It was the policy and/or custom of The City and NYPD to fail to take the steps to discipline, train, supervise or otherwise correct improper, illegal conduct of the individual Defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City and NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

84.   As a result of the above described policies and/or customs, police officers of NYPD believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

85.   The above policies and/or customs demonstrated a deliberate indifference on the part of the policy makers of The City and NYPD to the constitutional rights of persons within the City of New York or as in this case, outside the City of New York, and were the cause of the violations of the Plaintiff's rights alleged herein.

86.    The Defendants City and NYPD, are responsible for the actions and conduct of their

employees, officers, agents and servants, including the named officers in this lawsuit, under the

theory of *RESPONDEAT SUPERIOR*, and therefore are legally responsible for the misconduct

alleged in this case.

87.    By reason of the foregoing acts of Defendants, the Plaintiff suffered injuries including

but not limited to severe and permanent emotional injuries, severe and permanent psychological

injuries, anguish, distress, humiliation, embarrassment, shame, medical expenses and claims

damages for the aforesaid injuries and accordingly has been damaged in an amount believed to

be equal or exceeding the jurisdictional limit of this Court, including the cost of this action,

attorneys fees pursuant to 42 U.S.C. §1988 and punitive damages..

### THIRD CAUSE OF ACTION
### Violation of Civil Rights afforded by 42 U.S.C. §1986

88.    Plaintiff re-alleges and incorporates Paragraphs 1 through 87 above as though set forth

in their entirety herein.

89.    Defendants knew or should have known that the false arrest, excessive force and the

wrongful imprisonment of the Plaintiff violated the Plaintiff's constitutional rights guaranteed to

him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C.§§ 1981, 1983, 1985 and

1986.

90.    Each of the Defendants had the authority, ability and concurrent duty under 42 U.S.C.

§1986 to prevent the false arrest, excessive force and the wrongful imprisonment of the Plaintiff,

yet neglected to prevent said violations from occurring, and further failed to intervene to protect

or aid the Plaintiff when such violations did in fact occur.

91.    Defendants' failure to stop these wrongful actions constitutes a breach of their duty to

do so under 42 U.S.C. §1986.

92.   By reason of the foregoing acts of Defendants, the Plaintiff suffered injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, medical expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount believed to be equal or exceeding the jurisdictional limit of this Court, including the cost of this action, attorneys fees pursuant to 42 U.S.C. §1988 and punitive damages.

## FOURTH CAUSE OF ACTION
### Negligence and Negligent Hiring and Supervision

93.   Plaintiff re-alleges and incorporates Paragraphs 1 through 92 above as though set forth in their entirety herein.

94.   That Defendants were negligent in the false arrest, unlawful imprisonment of the Plaintiff; in failing to use such care in the performance of police duties as a reasonably prudent and careful police officer would have used under similar circumstances without any negligence on the part of the Plaintiff contributing thereto; and defendants were negligent in hiring and retaining persons who were unfit to serve as police officers and who they knew or should have known lacked proper moral fiber and temperament, in that defendants failed to exercise reasonable precautions in employing the aforesaid police officers and failing to properly investigate their background and that these police officers were otherwise unfit to serve as police officers for Defendants; and Defendants were negligent in its instructions of its police officers by not exercising care in instructing them as to their deportment, behavior and conduct as police officers and representatives of Defendants and in training and instructions, among other things of the proper conduct of police officers in making an arrest and what they should do following ana arrest of an individual.

95.   The Defendants are liable for the conduct of their agents, servants and/or employees by virtue of *RESPONDEAT SUPERIOR*.

96.   By reason of the foregoing acts of Defendants, the Plaintiff suffered injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, medical expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount believed to be equal or exceeding the jurisdictional limit of this Court, including the cost of this action, attorneys fees pursuant to 42 U.S.C. §1988 and punitive damages.

### FIFTH CAUSE OF ACTION
### False Arrest and Unlawful Imprisonment

97.   Plaintiff re-alleges and incorporates Paragraphs 1 through 96 above as though set forth in their entirety herein.

98.   Plaintiff was arrested and imprisoned without legal basis and against his will.   There was no justification for said arrest, there was no justification for said imprisonment, and Plaintiff did not consent to said arrest or to said imprisonment.

99.   The arrest of the Plaintiff by the Defendants was perpetrated without a warrant or other legal process and without probable cause.

100.   Defendant Police Officers unlawfully arrested and detained the Plaintiff for the sole purpose of forcing him to change his statement regarding the Summer Altercation to which Plaintiff was an innocent by standing witness.

101.   By reason of the foregoing acts of Defendants, the Plaintiff suffered injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, medical expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount believed to

be equal or exceeding the jurisdictional limit of this Court or of all lower courts which would

otherwise have jurisdiction, including the cost of this action, attorneys fees and punitive

damages.

### SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

102. Plaintiff re-alleges and incorporates Paragraphs 1 through 101 above as though set forth

in their entirety herein.

103. That at all times relevant herein, Defendants, their agents, servants and/or employees

acted intentionally and/or with reckless disregard for the likelihood of causing emotional distress

to the Plaintiff in falsely accusing and detaining, the Plaintiff.

104. That at all times relevant herein, Defendants, their agents, servants and/or employees

acted intentionally and/or with reckless disregard for the likelihood of causing emotional distress

to the Plaintiff by intimidating, threatening and pressuring the Plaintiff to change his statement

regarding the Summer Altercation.

105. That at all times relevant herein, Defendants, their agents, servants and/or employees

acted heinously and beyond the standards of civilized society.

106. That solely as a result of the recklessness and/or intentional acts of Defendants as

aforesaid, the Plaintiff suffered injuries including but not limited to severe and permanent

emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation,

embarrassment, shame, and medical expenses and claims damages for the aforesaid injuries and

accordingly has been damaged in an amount believed to be equal or exceeding the jurisdictional

limit of this Court or of all lower courts which would otherwise have jurisdiction, including the

cost of this action, attorneys fees and punitive damages.

## SEVENTH CAUSE OF ACTION
### Abuse of Process

107. Plaintiff re-alleges and incorporates Paragraphs 1 through 106 above as though set forth in their entirety herein.

108. The false arrest, wrongful detainment and other wrongful acts conducted against the Plaintiff by Defendants constituted abuse of process, abuse of authority, breach of police procedures, and violations of the Plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendment rights.

109. Defendant Police Officers negligently and recklessly breached their duty under 42 U.S.C. §1986 to prevent the commission of the civil rights violations perpetrated against the Plaintiff including violations of 42 U.S.C. §§ 1983, 1985 and 1986 and substantive and procedural due process infractions.

110. Said abuse of process was continued by the NYPD failing to adequately investigate and properly discipline Defendant Police Officers for their actions against Plaintiff.

111. By reason of the foregoing acts of Defendants, the Plaintiff suffered injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, medical expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount believed to be equal or exceeding the jurisdictional limit of this Court or of all lower courts which would otherwise have jurisdiction, including the cost of this action, attorneys fees and punitive damages.

## EIGHTH CAUSE OF ACTION
### Negligence

112. Plaintiff re-alleges and incorporates Paragraphs 1 through 111 above as though set forth in their entirety herein.

113. The City and NYPD had a duty under 42 U.S.C. §§ 1983, 1985 and 1986, as well as under the Fourth, Fifth and Fourteenth Amendments, and under New York State Law and their own rules and regulations, to prevent and cease the wrongful detainment, false arrest, and false imprisonment as well as a duty to investigate, supervise and discipline Defendant Police Officers and prevent other wrongful acts that were committed against Plaintiffs.

114. In actively inflicting and failing to prevent the above stated abuses incurred by the Plaintiff, all of the Defendants acted unreasonably, recklessly and negligently in failing to exercise any degree of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure and detained custody and arrest and other due process violations. Said rights are guaranteed to the Plaintiff by 42 U.S.C. §§ 1983, 1985 and by the Fourth, Fifth and Fourteenth Amendments to the Constitution.

115. The breach of duty under 42 U.S.C. § 1986 by The City and NYPD was a direct and proximate cause of the harm suffered by the Plaintiff including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, and medical expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount believed to be equal or exceeding the jurisdictional limit of this Court or of all lower courts which would otherwise have jurisdiction, including the cost of this action, attorneys fees and punitive damages.

## NINTH CAUSE OF ACTION
### Punitive Damages

116.  Plaintiff re-alleges and incorporates Paragraphs 1 through 115 above as though set forth in their entirety herein.

117.  The acts of the individual defendants complained of herein were willful, wanton, malicious and oppressive. They acted with callous disregard, reckless and deliberate indifference toward the rights of the Plaintiff and without concern for that damage they would cause. Defendants' acts were motivated by a desire to harm the Plaintiff without regard for Plaintiff's wellbeing and were based on a lack of concern and ill will towards the Plaintiff. Accordingly, Plaintiff deserves an award of punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

118.  Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff respectfully requests the Court enter a Judgment against Defendants together with costs and disbursements as follows:

     a.     On each cause of action, in favor of Plaintiff in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional limit of this Court or of all lower courts that would otherwise have jurisdiction;

     b.     Awarding Plaintiff punitive damages in an amount to be determined by a jury;

     c.     Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;

     d.     And such other and further relief as the Court deems just and proper.

Dated: May 15, 2014
      New York, New York

Respectfully submitted,

The Law Office of David DeStefano, PLLC

By: _____

David DeStefano, Esq. (DD4891)
112 West 34th Street, 18th Floor
New York, New York 10120
Telephone: (646) 961-3575
Fax: (646) 365-3029
david@daviddestefanolaw.com
*Attorney for Plaintiff*